**S. A. CALONGE'S SONS v. WEST ORLEANS BEACH CORPORATION, Inc., et al. ***

No. 16073.

Court of Appeal of Louisiana. Orleans.

Dec. 16, 1935.

Delvaille H. Theard, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

JANVIER, Judge.

S. A. Calonge's Sons alleges that it is an ordinary partnership composed of Sidney E. Calonge and Wilford F. Calonge, and that under contracts entered into with Johness Sales Corporation, Inc., as agents for West Orleans Beach Corporation, Inc., it performed certain civil engineering and surveying services for the latter corporation, and that it has not been paid in full for the said services. It prays for solidary judgment against both the said corporations for the alleged balance due amounting to $1,575. It avers that, after verbal conferences in which the proposed surveying work was discussed, it submitted a written offer to perform the work for the price and sum of $1,950, and that this offer was accepted in writing by W. C. Pfeffer of the Johness Sales Corporation, Inc., the "duly authorized agent of West Orleans Beach Corporation, Inc." It further avers that subsequently, and while the work was in progress, "the said defendants through its duly authorized agents, W. C. Pfeffer and Frank Grevenberg, did verbally authorize your petitioner to make extra traverses at the agreed price and sum of $110.00."

Defendant West Orleans Beach Corporation, Inc., filed a plea of prescription of three years. When this was overruled, it filed an exception of no right or cause of action, which was also overruled. It filed no further appearance, and, after the entry of preliminary default, judgment in confirmation of default was rendered against it.

Johness Sales Corporation, Inc., also filed an exception of no cause of action, but the record does not disclose what action was taken by the court on this exception, though counsel for the other defendant states in his brief that this exception was maintained and the suit dismissed as against the Johness Company. At any rate, there was no judg-

*Rehearing denied Jan. 13, 1936.

430

ment against that corporation, and we need not give any consideration to that branch of the case.

The West Orleans Beach Corporation, Inc., has appealed and now attacks the judgment on four grounds as follows: (1.) That the service of surveyors must be compensated for only in accordance with a fee bill which defendant contends is set forth in the Revised Statutes of 1870 in article 3740 et seq.; (2.) that the judgment which was rendered in confirmation of default is a nullity, for the reason that it was rendered in favor of the two individuals who are alleged to compose the plaintiff partnership and not in favor of the partnership itself, which partnership alone is plaintiff; (3.) that the proof offered in confirmation of default is insufficient, in that it fails to show that the defendant corporation entered into a contract, either written or verbal, with plaintiff partnership; (4.) that the plea of prescription of three years, based on article 3538 of the Civil Code, should have been maintained.

We notice at once that, though the petition alleges that the contracts were entered into by plaintiff partnership with the West Orleans Beach Corporation, Inc., "through its duly authorized agents," there is no proof whatever in the record to show that the persons who executed the agreements, allegedly on behalf of the said corporation, were its agents. The letters offered in evidence do not themselves show such authority. The first letter is one written by plaintiff partnership to defendant corporation, though it is not addressed to the corporation by its correct name and the second letter is one written, not by defendant corporation or in its name, but by a person who signs on behalf of another and different corporation entirely, to wit, Johness Sales Corporation, Inc. Obviously there is a missing link in this proof. There should have been evidence showing the connection between Johness Sales Corporation, Inc., and the West Orleans Beach Corporation, Inc. It may be that the Johness Sales Corporation is or was the authorized agent, but there is nothing in the record to show it. It is true that there is testimony that plaintiff has received a small payment on account, but there is no evidence to show that this was paid by defendant corporation.

In view, therefore, of the condition of the record, we cannot but reach the conclusion that there is not sufficient evidence to show a contract between defendant corporation and plaintiff partnership.

The other contentions made by defendant need not be considered, since the conclusion which we have reached renders it necessary that we reverse the judgment and dismiss the suit as in case of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant West Orleans Beach Corporation, Inc., dismissing this suit as in case of nonsuit.

Reversed.